

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00102-CV

**IN THE INTEREST OF J.R.I.**, a Child

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2008-PA-01527
Honorable Martha B. Tanner, Judge Presiding

Opinion by:  Luz Elena D. Chapa, Justice

Sitting:  Karen Angelini, Justice
Marialyn Barnard, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  September 3, 2014

AFFIRMED

Mark I. appeals the trial court's order that terminated the parent-child relationship between him and his daughter, J.R.I.[1]

In July 2009, the Department of Family and Protective Services became J.R.I.'s temporary conservator when she was one month old, and it filed a petition to terminate the parental rights of Mark I. and Raven R. The case went to trial in January 2010, at which time the Department sought termination of their parental rights to J.R.I. on the basis of the previous termination of their rights to two other children. *See* TEX. FAM. CODE ANN. § 161.001(1)(M) (West 2014). At the conclusion of trial, the court denied the Department's petition to terminate. Instead, it appointed the

---

[1] To protect the identity of the minor child, we refer to the child's parents by their first name and last initial and to the child by her initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (West 2014); TEX. R. APP. P. 9.8(b)(2).

Department as J.R.I.'s permanent managing conservator and appointed her parents as possessory conservators.

In February 2011, the Department filed a petition to terminate Raven R.'s parental rights. In July 2013, the Department filed an amended petition, seeking termination of Mark I.'s parental rights as well. The Department alleged there had been a material and substantial change in circumstances since the January 2010 order denying termination. After a trial in January 2014, the court terminated both Mark I.'s and Raven R.'s parental rights to J.R.I.[2] The order of termination includes the trial court's findings that Mark I. had previously had his rights to other children terminated on the basis of section 161.001(1)(D) or (E) and that termination was in J.R.I.'s best interest.

After a trial court has previously rendered an order denying a petition to terminate parental rights, a parent's rights to that child may be terminated 1) upon proof of one of the acts listed in section 161.001 that was committed after the denial of a prior petition to terminate or 2) based upon proof of one of the acts listed in section 161.001 that was presented at the previous hearing if the conditions of section 161.004 are met. *See* TEX. FAM. CODE ANN. § 161.004(a) (West 2014); *In re K.G.*, 350 S.W.3d 338, 352 (Tex. App.—Fort Worth 2011, pet. denied). Section 161.004 of the Family Code provides that a court may terminate the parent-child relationship after the rendition of an order that denied termination of the parent-child relationship if:

(1) the petition under this section is filed after the date the order denying termination was rendered;

(2) the circumstances of the child, parent, sole managing conservator, possessory conservator, or other party affected by the order denying termination have materially and substantially changed since the date that the order was rendered;

(3) the parent committed an act listed under Section 161.001 before the date the order denying termination was rendered; and

_____

[2] Raven R. does not appeal the termination of her parental rights.

(4) termination is in the best interest of the child.

TEX. FAM. CODE ANN. § 161.004(a). In a hearing under this section, "the court may consider evidence presented at a previous hearing in a suit for termination of the parent-child relationship of the parent with respect to the same child." *Id.* § 161.004(b). Section 161.004 is the only authority for a trial court to terminate the parent-child relationship based upon evidence presented at a hearing on a previous petition to terminate that was denied. *In re K.G.*, 350 S.W.3d at 352.

Mark I. contends that because the trial court did not make a finding that the circumstances of one of the parties had materially and substantially changed since the January 2010 order denying termination, the trial court could terminate his rights based only on evidence of acts that occurred after that order. He argues there is no evidence that, after the January 2010 order, he had his parental rights terminated with respect to another child based on conduct that violated section 161.001(1)(D) or (E). *See* TEX. FAM. CODE ANN. § 161.001(1)(M). Accordingly, he contends the order must be reversed.

The trial court's written order of termination contains all the required section 161.004 findings except for the finding of a material and substantial change in circumstances since the denial of the prior petition to terminate. The Department pled that there had been a material and substantial change in circumstances since the denial of the prior petition to terminate, and at trial Raven R.'s attorney brought the pleading to the trial court's attention. We abated this appeal to determine whether the trial court had made the finding of a material and substantial change of circumstances. *Cf. In re N.R.T.*, 338 S.W.3d 667, 678–79 (Tex. App.—Amarillo 2011, no pet.) (implying a finding of a material and substantial change). The trial court made the finding. We then gave Mark I. the opportunity to file a supplemental brief responsive to the finding. He did not do so.

Because the trial court has made all the necessary findings to support termination under section 161.004 and because Mark I. has not briefed the sufficiency of the evidence to support the trial court's finding that there had been a material and substantial change in circumstances since the denial of the prior petition to terminate, we affirm the order of termination.

Luz Elena D. Chapa, Justice